for such rent, the said grain" etc. If the legislature had intended that the distress should be the only remedy they would have used language more imperative. The Act was made for the benefit of the landlord; and to confine him to the remedy by distress would often deprive him of all remedy. Suppose the grain removed, the common law must afford the remedy. And so if the goods on the premises are negligently destroyed.

Upon the whole, I think that the action will lie, and that the judgment should be reversed.

BOOTH, Chief Justice, WARNER and COOPER, Justices of the Court of Common Pleas, and PAYNTER, Justice of the Supreme Court, who was not a judge when the judgment was rendered in the Supreme Court, concurring.

Judgment reversed.

### JOSEPH L. ROBINSON v. JESSE HARRIS' LESSEE.

High Court of Errors and Appeals. June 11, 1818.

*Ridgely's Notebook II, 130.*

### JOHN A. PENNINGTON and Wife v. JOHN VANHORN.

High Court of Errors and Appeals. June 12, 1818.

*Ridgely's Notebook II, 133.*

